**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| World Fuel Services Corporation; World Fuel Services, Inc.; World Fuel Services Canada, Inc.; Western Petroleum Company; Dakota Petroleum Transport Solutions, LLC; Petroleum Transport Solutions, LLC; DPTS Marketing, LLC; Dakota Plains Marketing, LLC; and Dakota Plains Transloading, LLC; | ) ) ) ) ) ) ) ) ) | **ORDER GRANTING MOTION TO STAY DISCOVERY AND SETTING STATUS CONFERENCE** |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| Alterra Excess & Surplus Insurance Company n/k/a Markel Corporation, | ) ) ) | Case No.: 4:14-cv-054 |
| Defendant. | ) | |

Plaintiffs have been sued in a number of actions arising out of the tragic derailment of a train operated by the Montreal, Maine and Atlantic Railway that occurred in Lac-Mégantic, Quebec. The derailment resulted in the deaths of more than 40 persons and caused substantial property and environmental damage. The actions in which plaintiffs have been named include: (1) a class action in Quebec alleging various bodily injury and property damages claims; (2) a number of wrongful death claims filed in Illinois, removed to the federal district court, and transferred to the federal district court in Maine; (3) the railroad's bankruptcy proceedings in the District of Maine and Canada; and (4) a Canadian administrative environmental proceeding.

Plaintiffs filed their complaint in this action on May 23, 2014, seeking a declaration of coverage under an excess liability policy issued by defendant. Although the complaint was filed in 2014, service was delayed with the consent of defendant for a period of time. When the parties

1

could not agree to further extensions for service of the complaint, the complaint was served and defendant filed its answer and counterclaim on January 13, 2015. Defendant seeks in its counterclaim a declaration that it owes no obligation to indemnify plaintiffs and asserts a number of defenses to coverage.

Plaintiffs now seek a stay of all discovery for a period of 120 days to see if global settlement discussions led by representatives of the railroad's bankruptcy estates will bear fruit. Plaintiffs claim that a global resolution may provide greater clarity with respect to any underlying liabilities of plaintiffs and potentially narrow the issues to be resolved in this case, which, in turn, could lessen the amount of discovery required.

Defendant opposes the motion. In the alternative, it offers to defer discovery with respect to its "expected or intended" defense, which the court expressed concern about during an informal discovery conference as possibly undercutting plaintiffs' defenses in the underlying litigation, *i.e.*, giving aid and comfort to its insured's "enemies."

After careful review, the court concludes that plaintiffs have shown good cause for deferring discovery and defendant has failed to demonstrate that it will be prejudiced, much less unfairly. The court also concludes that deferring discovery only on the "expected or intended" defense is not an answer because the substantial amount of discovery that would proceed defeats the purpose for deferring discovery in the first instance.

Consequently, plaintiffs' motion (Doc. No. 32) is **GRANTED** and all discovery will be stayed pending further order of the court. The court will hold a telephonic status conference on June 26, 2015 at 10:00 a.m. CDT to discuss: (1) the status of the underlying litigation; (2) whether the stay of discovery should be lifted or continued; (3) the setting of new pretrial deadlines and a new

trial date, if necessary; and (4) whether an early ADR effort would be beneficial.

**IT IS SO ORDERED**.

Dated this 22nd day of April, 2015.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court